UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ABBY GMEINER and
TANYA DEAR,

    Plaintiffs,

    v.    Case No. 22-C-1247

TINA WIENKE,

    Defendant.

## SCREENING ORDER

On October 24, 2022, Plaintiffs Abby Gmeiner and Tanya Dear filed this action against Defendant Tina Wienke, an Outagamie County Child Protective Services Social Worker. The court is authorized to screen a complaint, regardless of a plaintiff's fee status, to "save everyone time and legal expense." *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8.

Plaintiffs allege that, on August 20, 2022, Wienke falsely informed the Appleton Police Department that there was a warrant out for L.G., Gmeiner's one-year-old daughter and Dear's granddaughter. As a result, police removed L.G. from Dear's care after police arrested Gmeiner. A court held a hearing on August 23, 2022, and ordered that L.G. be temporarily placed in foster care for 30 days. Dear made several attempts to contact Wienke to understand why L.G. was removed from her custody, to request that L.G. be placed with a family member rather than in foster care, and to set up visitation with L.G. Plaintiffs assert that Wienke failed to respond for

weeks. Ultimately, Wienke responded that visitation would begin on October 12, 2022, after Gmeiner was released from custody. Plaintiffs assert that Wienke violated their rights by removing L.G. from their custody without any grounds to do so and refusing to allow visitation for almost two months. They seek a total of $500,000 in compensatory damages.

Federal courts are courts of limited jurisdiction and are to abstain from hearing child custody cases because such cases are governed by state, not federal, law. *See In re Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). "This 'domestic relations' exception to subject matter jurisdiction applies to such cases even when constitutional claims are involved." *Adam v. Franz*, No. 2-C-53, 2002 WL 32341816, at *4 (W.D. Wis. May 10, 2022) (citing *Allen v. Allen*, 48 F.3d 259, 261–62 (7th Cir. 1995)). Because Plaintiffs seek to challenge a custody decree, this court lacks jurisdiction to entertain Plaintiffs' complaint.

In any event, Plaintiffs have failed to state a claim upon which relief can be granted. Although Plaintiffs assert that Wienke violated their "rights," Compl. at 4, the allegations in the complaint do not give rise to a claim under the Civil Rights Act, 42 U.S.C. § 1983. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The complaint does not contain allegations that Wienke deprived Plaintiffs of their civil rights under the Constitution or federal law. Although Plaintiffs conclusorily assert that Wienke is racially prejudiced, Plaintiffs have failed to state an equal protection claim. The complaint does not assert Plaintiffs' race, and the complaint contains no

allegations from which the court can infer that Wienke's actions were at all motivated by race. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 303 (7th Cir. 2011).

Liberally construed, Plaintiffs appear to argue that they were deprived of parental rights without due process because Outagamie County Child Protective Services had the Appleton Police Department remove L.G. from their custody. Due process requires the government to provide notice and a chance to be heard before any deprivation of life, liberty, or property. *See Morrell v. Mock*, 270 F.3d 1090, 1095 (7th Cir. 2001). But Plaintiffs were not denied a hearing to contest the loss of custody of L.G., and they do not allege that the procedure for the custody determination was impermissibly biased. Without any allegations that Plaintiffs were denied a fair process, or about the details of the process, Plaintiffs' complaint does not state a denial of due process claim.

The court finds no basis for federal jurisdiction, and Plaintiffs have failed to state a claim upon which relief can be granted. While a court must generally allow a plaintiff the opportunity to file an amended complaint, it is unnecessary in cases such as this one where the amendment would be futile. *See Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile."). Accordingly, this action is **DISMISSED**. Plaintiffs' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of October, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge